Kyle A. Kinney (Bar No. 027189)
**THE TURNAROUND TEAM, PLLC**
Western Skies Business Center
1166 East Warner Road, Suite 205
Gilbert, AZ 85296
Phone: (480) 420-1999 | Fax: (480) 522-1515
Kyle@turnaroundteam.com

*Attorneys for Debtor*

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 13 |
| Gabrielle Ann Sodergren, | Case No.: 2:16-bk-12689-SHG |
| Debtor. | Adv. Pro.: 2:17-ap-00267-SHG |
| | **PLAINTIFF/COUNTER-DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |
| Gabrielle Ann Sodergren, | |
| Plaintiff/Counter-defendant, | |
| vs. | |
| Daniel Rychlik, | |
| Defendant/Counterclaimant. | |

Plaintiff/Counter-Defendant Gabrielle Sodergren ("Sodergren"), by and through counsel undersigned, hereby files her Motion for Summary Judgment regarding her two claims for Declaratory Relief and Dischargeability of Defendant's Award against Daniel Rychlik ("Rychlik"), as set-forth in her First Amended Complaint and in opposition to the Counterclaim for Declaratory Relief filed by Rychlik, pursuant to FRBP 7056 and FRCP 56(a). The Counterclaim is redundant as it seeks the opposite determination that Sodergren seeks in her claim for Declaratory Relief. This Motion is supported by the following Memorandum of Points and Authorities, the accompanying Separate Statement of Facts ("SSOF"), and the court record.

# MEMORANDUM OF POINTS AND AUTHORITIES

## SUMMARY OF MOTION

Sodergren seeks a declaration that the December 18, 2015, Rychlik Award is not a "domestic support obligation" *and* an order that a discharge entered in this Chapter 13 case discharges her obligation under the Rychlik Award. Rychlik seeks a declaration that the Rychlik Award is a "domestic support obligation".

***The issue before this Court***: Is the $17,181.00 awarded Rychlik in December 18, 2015, for attorney fees and costs a sanction that is dischargeable, or a domestic support obligation?

Neither the Rychlik Award nor any other order from the Family Court directs Sodergren to pay a domestic support obligation to Rychlik. Rychlik improperly claims that the attorney fee sanction is a domestic support obligation. Rychlik was awarded fees for defending a child relocation dispute. Rychlik pays domestic support obligations, not the other way around. The Rychlik Award was purely a sanction and therefore is not a "domestic support obligation" as the term is defined in 11 U.S.C. § 101(14A). Thus, the award is dischargeable under 11 U.S.C. § 1328(a).

However, the type of proceeding makes no difference. The issue is if the award was a domestic support obligation owed to Rychlik, or a sanction against Sodergren for taking an unreasonable position seeking to move the children out-of-state.

## SUMMARY OF FACTS

Since 2011, the law of the Divorce Case is that there is a substantial disparity in financial resources and that Rychlik has considerably more financial resources than Sodergren.

The Divorce Case began in 2011 and remains ongoing. The Family Court has found at various times that both parties have taken unreasonable positions. Here, Sodergren wanted to move their children to Illinois after the Family Court ordered that the children remain in Arizona. Rychlik filed a petition and other motions to prevent Sodergren from relocating their children. Sodergren eventually withdrew her request. The Court awarded

Rychlik attorney fees.

**Facts**

1. Rychlik and Sodergren were married and have four minor children together (SSOF at ¶ 1).

2. A petition for divorce was filed in Maricopa County Superior Court at Case Number CV2011-090965 (the "Divorce Case"). A divorce decree was signed December 14, 2011 and filed with the Clerk of Court on December 16, 2011 ("Decree") (SSOF at ¶ 2).

3. The Decree finds a substantial disparity in the parties' financial resources with Rychlik having considerably more resources and awards Sodergren both Child Support and Spousal Maintenance after an extensive analysis of the principles set-forth in *Schroeder v. Schroeder*, 161 Ariz. 316, 321, 778 P.2d 1212, 1217 (1989), and the statutory factors of A.R.S. § 25-319(B) (SSOF at ¶ 3).

4. After receipt of a letter from Sodergren stating her intention to relocate to Illinois with the parties' minor children, Rychlik filed a "Petition to Prevent Relocation" in the Divorce Case in November, 2013 (the "Relocation Proceedings") (SSOF at ¶ 4).

5. A year later, on November 6, 2014, Rychlik filed an "Emergency Petition for Temporary Orders Without Notice re: Legal Decision Making and Parenting Time." (SSOF at ¶ 5).

6. On November 21, 2014, the Family Court conducted an extended evidentiary hearing on the emergency petition (SSOF at ¶ 6).

7. On March 31, 2015, the Family Court issued a minute entry that, among other things, granted Sodergren's request for attorney fees and costs (SSOF at ¶ 7).

8. On April 13, 2015, Sodergren withdrew her request to relocate the children (SSOF at ¶ 8).

9. On July 23, 2015, the Family Court signed a judgment awarding Sodergren $57,294 in attorney fees and costs, plus interest ("Plaintiff's Award") (SSOF at ¶ 9).

10. On July 27, 2015, Rychlik filed a "Motion for Summary Judgment Re: Petition to Prevent Relocation" (the "MSJ"), where he argued that his petition to prevent relocation should be granted, because Plaintiff had just expressed her intent to remain in Arizona anyway (SSOF at ¶ 10).

11. Sodergren did not file a response to the MSJ as the entire issue was moot at that point (SSOF at ¶ 11)

12. On September 25, 2015, the Family Court granted the MSJ and sets-forth a briefing schedule for a fee application (SSOF at ¶ 12).

13. On October 23, 2015, Rychlik applied for attorney fees consisting of fees incurred during the Relocation Proceedings (the "Fee Application")(SSOF at ¶ 13).

14. Sodergren responded to the Fee Application, and Rychlik replied (SSOF at ¶ 14).

15. In the Fee Application, Rychlik argued he should be awarded fees based on Sodergren's "clearly unreasonable . . . position that it was best to relocate the children to Illinois, only to thereafter contend it is in their best interests to remain in Arizona." (SSOF at ¶ 15).

16. In the Fee Application, Rychlik does not argue that fees or costs should be awarded due to a disparity in financial resources or any other reason relating to domestic support (SSOF at ¶ 16).

17. The Fee Application cites A.R.S. § 24-324 as the sole legal authority for the issuance of attorney fees and costs. The Fee Application does not state if the request was made pursuant to Subsection (A) or (B) (SSOF at ¶ 17).

18. On December 18, 2015, the Family Court entered judgment for attorney fees and costs in favor of Rychlik in the amount of $17,181 ("Rychlik Award"). The Rychlik Award does not characterize the award as either a domestic support obligation or a sanction (SSOF at ¶ 18).

19. The Rychlik Award does not make a finding that the attorney fees and costs were awarded due to a disparity in financial resources or some other domestic support

1 reason. Stated another way, the Court did not change its findings in the Decree that Rychlik has considerably more financial resources than Sodergren (SSOF at ¶ 19).

20. The Family Court has not made any finding regarding the parties financial resources other than that Rychlik has considerably more financial resources (SSOF at ¶ 20).

## ARGUMENT

### I. AWARDS THAT ARE PURELY A SANCTION ARE NOT A "DOMESTIC SUPPORT OBLIGATION" PURSUANT TO 11. U.S.C. § 101(14A) AND ARE DISCHARGEABLE.

11 U.S.C. § 101(14A) defines a "domestic support obligation" as one that is " . . . in the nature of alimony, maintenance, or support . . . of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated . . . "

A plethora of cases exist where awards lumping child support, alimony, maintenance, and/or other support *and* attorney fees together are declared to be "domestic support obligations" under 11 U.S.C. § 101(14A) and are therefore non-dischargeable. All of these cases consider multiple factors including a showing of financial necessity and the income of each spouse. The cases clearly focus on the necessity for actual domestic support obligations and the award of attorney fees are ancillary.

Judge Haines has held that attorney fees awarded as sanctions are not domestic support obligations and are dischargeable. In *In re Jarski*, 301 B.R. 342, 347 (Bankr. D. Ariz. 2003), Judge Haines ruled that any judgment is not automatically deemed a domestic support obligation and non-dischargeable by stating "[p]erhaps such a showing could be made if the fees were awarded purely as a sanction." Thus, the test of dischargeability is whether or not the Rychlik Award is a sanction. *See also Birt v. Birt*, 208 Ariz. 546, 553, 96 P.3d 544 (Ariz. App., 2004) (*citing In re Jarski* in recognizing that an award pursuant to A.R.S. § 25-324 can be a sanction for dischargeability purposes).

/ / /

/ / /

/ / /

## II. THE RYCHLIK AWARD IS PURELY A SANCTION UNDER A.R.S. § 25-324 BECAUSE: I) THE LAW OF THE CASE IS THAT RYCHLIK IS THE SUPERIOR WAGE EARNER OBLIGATED TO PAY SODERGREN SUPPORT OBLIGATIONS; *AND*, II) IT WAS ISSUED AS A RESULT OF SODERGREN'S UNREASONABLE POSITION.

"A judgment which is ambiguous and uncertain may be read in connection with the entire record and construed accordingly." *Benson v. State ex rel. Evman*, 108 Ariz. 513, 515, 502 P.2d 1332, 1334 (1972) (citation omitted). "Like all other exceptions to discharge, analysis. . . begins with the principal that discharge is favored under the Bankruptcy Code and the party asserting non-dischargeability has the burden of demonstrating that the obligation at issue is actually in the nature of alimony, maintenance or support." *In re Gibson*, 103 B.R. 218, 220 (B.A.P. 9th Cir. 1989)(*citing Tilley v. Jessee*, 789 F.2d 1074, 1077 (4thCir. 1986)). In determining whether or not an obligation is a domestic support obligation, "the court must look to the intent of the parties and the substance of the obligation." *In re Gibson*, 103 B.R. at 221 (internal quotations and citations omitted). Factors include the need of the recipient spouse and the relative income of the parties. *Id*.

A.R.S. § 25-324 governs attorney fees in divorce proceedings. Subsection (A) requires the Court to consider "…the financial resources of both parties and the reasonableness of the positions each party has taken…" before awarding attorney fees. In addition, "[t]he court may make these findings before, during or after the issuance of a fee award." *Id*. Subsection (B) requires the issuance of attorney fee sanctions for frivolous filings.

The Rychlik Award is ambiguous as it does not state if it is issued as a sanction or as support so this Court must look to the entire record. The Divorce Case record is clear that it can only be a sanction. The financial resources test was already decided. Before signing the Rychlik Award, the Family Court determined that Rychlik has superior financial resources in the Decree and ordered Rychlik to pay Sodergren domestic support obligations, not the other way around. Additionally, the Family Court awarded Sodergren $57,294 in attorney fees five months prior to the Rychlik Award. Rychlik does not argue in the Fee Application that Sodergren has superior resources or that he needs the support. Instead, he only argued that attorney fees should be granted because of Sodergren's "clearly

unreasonable…position that it was best to relocate the children to Illinois, only to thereafter contend it is in their best interests to remain in Arizona."

Thus, the ***only*** basis for the Rychlik Award was either: 1) Sodergren's "clearly unreasonable" position under A.R.S. § 25-324(A); or, 2) frivolousness under A.R.S. § 25-324(B). Either way, the Rychlik Award does not change the financial necessity law of the case, is purely a sanction based *only* on behavior and cannot be a "domestic support obligation". Because the Rychlik Award is not a "domestic support obligation" as the term is defined in 11 U.S.C. § 101(14A), a Chapter 13 discharge entered in this bankruptcy case will discharge Sodergren of her obligation to Rychlik pursuant to the Rychlik Award under 11. U.S.C. § 1328(a).

## **CONCLUSION**

For the foregoing reasons, Sodergren respectfully requests that this Court issue an Order declaring that the Rychlik Award is not a domestic support obligation, that the Rychlik Award is dischargeable under 11 U.S.C. § 1328(a), and any further relief that the Court deems just and proper.

DATED: February 1, 2018         THE TURNAROUND TEAM PLLC

*/s/Kyle A. Kinney*
Kyle A. Kinney
*Attorneys for Debtor*

I certify that the foregoing was submitted on February 1, 2018 to the United States Bankruptcy Court for filing and transmittal of notice of electronic filing to the ECF registrants appearing in this case, and by email to:

Russell Brown
service@ch13bk.com
jmorales@ch13bk.com
*Chapter 13 Trustee*

SCOTT L. GREEVES on behalf of Creditor Daniel F Rychlik

scottgreevesesq@gmail.com, glenn.roethler@gmail.com,igngprecf@gmail.com,helpinghandslegalservice@gmail.com

LAWRENCE D. HIRSCH on behalf of Creditor Parker Schwartz, PLLC
lhirsch@psazlaw.com

By:*/s/ Paula D. Hillock*