Kyle A. Kinney (Bar No. 027189)
**THE TURNAROUND TEAM, PLLC**
Western Skies Business Center
1166 East Warner Road, Suite 205
Gilbert, AZ 85296
Phone: (480) 420-1999 | Fax: (480) 522-1515
Kyle@turnaroundteam.com

*Attorneys for Debtor*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 13 |
| Gabrielle Ann Sodergren, | Case No.: 2:16-bk-12689-SHG |
| Debtor. | Adv. Pro.: 2:17-ap-00267-SHG |
| | **REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO CROSS-MOTION FOR SUMMARY JUDGMENT** |
| Gabrielle Ann Sodergren, | |
| Plaintiff/Counter-defendant, | |
| vs. | |
| Daniel Rychlik, | |
| Defendant/Counterclaimant. | |

Plaintiff/Counter-Defendant Gabrielle Sodergren ("Sodergren"), by and through counsel undersigned, hereby files her Reply in Support of her Motion for Summary Judgment regarding her two claims for Declaratory Relief and Dischargeability of Defendant's Award against Daniel Rychlik ("Rychlik"), as set-forth in her First Amended Complaint *and* in opposition to the Cross-Motion for Summary Judgment on the Counterclaim for Declaratory Relief filed by Rychlik, pursuant to FRBP 7056 and FRCP 56(a).

/ / /

/ / /

/ / /

# MEMORANDUM OF POINTS AND AUTHORITIES

## Summary of the Argument

The family court docket and related filings speak for themselves. This dispute involves interpretation of filings, orders and judgments taken as a whole. At issue is one small judgment awarding attorney fees and costs of approximately $17,000.00 to Rychlik. The order is vague and ambiguous as the Judge, who signed a form order prepared by Rychlik's counsel, did not state the nature of the award of fees and costs. The crux of Rychlik's Opposition and Cross-Motion is that there is a presumption that the order is an award of support. Rychlik asks the court to interpret the vague order in a vacuum, but the Court must look to the entire docket history when asked to interpret a vague order.

Rychlik cites four cases and claims that all four are directly on point. This is not true because in three of the four cases the family court issued judgments containing a mixture of attorney fees *and* other support obligations. In the fourth case the family court resolved the issues globally and made specific findings of support. The order at issue here is punitive because it is only an award of attorney fees and costs without mention of financial factors. In a vacuum, a presumption may apply. However, when the case is taken as a whole, it is clear that the family court never intended to disrupt the previously established support obligations.

The family court punished Sodergren because she first argued it was in the childrens' best interests to stay in Arizona only to later argue it was in their best interests to move to Illinois (which was at odds with the Court's previous rulings and Sodergren's own positions) only to then change her position again that it was best for the children to remain in Arizona (*see* Sodergren's SSOF, Docket Entry No. 27-1 at Exhibit 3). Rychlik did not argue that Sodergren had superior financial resources in his application for fees and costs because the Court had already made the opposite finding. Inclusion of the parties' respective financial resources could only have hurt Rychlik's chances of an award of fees and costs. Rychlik responded to Sodergren's financial argument in his reply, but when Rychlik's counsel prepared the form of order it was he who did not include a finding of the

parties relative financial resources within the order. The family court was silent on the issue.

### Analysis

Rychlik cites four cases in support of his position that there is a presumption that the order is a support obligation. *In re Bradshaw*, Case No. BR-05-24647-PHX-CGC (Bankr. Ariz. 8/24/2007) (Bankr. Ariz. 2007), *In re Change*, 163 F.3d 1138 (9th Cir. 1998), *In re: Catlow*, 663 F.2d 960 (9th Cir. 1981) and *In re Jarski*, 301 B.R. 342 (Bankr. D. Ariz. 2003) are all distinguishable. *Change*, *Catlow*, and *Jarski* all involve a mix of both attorney fees and other obligations with clear findings of fact relating to the parties respective financial positions, making all three distinguishable. *Bradshaw* appears to deal with a similarly vague global award of attorney fees after a hotly contested child custody battle. In *Bradshaw*, Judge Case considered the entire record and ordered the parties to submit supplemental briefs containing the state court transcripts so that he could review the case as a whole. In *Bradshaw*, the family court made very specific findings based upon the parties financial positions and even provided a calculation demonstrating the basis for the family court's attorney fee award. Judge Case found the order to be in the nature of support after consideration of the record as a whole.

This Court should follow the procedure from *Bradshaw* and consider the entire family court record in interpreting the vague order of attorney fees and costs. However, unlike *Bradshaw*, in this case every order issued by the family court that specifically addresses the parties respective financial resources finds that it is Sodergren – not Rychlik – who is entitled to support.[1] A fair reading of the family court record shows that the court took a punitive measure against Sodergren and did not make a determination that Sodergren should pay support to Rychlik to balance the respective financial resources.

Next, Rychlik contends that A.R.S. § 25-403.09 and *Heidbreder v. Heidbreder*, 284 P.3d 888 at ¶ 7 (Ariz. App. 2012) support the notation that any order relating to custody is

---

[1] Rychlik contends that Sodergren was ordered to pay child support. This is not true. *See* Sodergren's Response to Rychlik's SSOF filed concurrently herewith at ¶ 7.

an award of support.  This is at odds with *Bradshaw*, *Jarski* and cases cited in Sodergren's Motion which clearly show that an award of attorney fees issued in a custody battle can be a sanction and therefore dischargeable.  *Heidbreder* involved a mother's petition to modify parenting time and custody.  The family court raised the child support issue *sua sponte*.  The statute and the case require the family court to revisit the issue when there is a change.  That is not what happened here.  The status quo was preserved because the children stayed in Arizona.  The family court, although it could have, did not specifically revisit the issue of support.  Thus, it can be inferred that the family court did not find grounds to change or modify the support orders which were always that it is Rychlik who must pay Sodergren.

Finally, Rychlik contends that A.R.S. § 25-324(B) could not have been considered by the court because it was Rychlik, and not Sodergren, who filed the petition.  The argument is form over substance.  The status quo was that the children should not be relocated to Illinois.  Sodergren sent a letter to Rychlik stating her intent to move the children to Illinois.  Rychlik filed a petition to prevent her.  In response, Sodergren asked for affirmative relief to move the children to Illinois.  The statutory interpretation offered by Rychlik is in conflict with its spirit.

## **CONCLUSION**

The order in dispute was prepared by Rychlik's counsel.  If Rychlik desired the order to be in the form of support he should have indicated as such, especially with his knowledge that the protracted divorce proceedings had left Sodergren financially wounded with bankruptcy being a real possibility.  Instead, the order is vague thus the Court must look to the entire record to determine if the order is a sanction or support.  The family court specifically addresses the issue of support in Sodergren's favor at different stages of the divorce proceeding, but does not specifically address support or even attempt to balance the parties respective financial resources in issuing the order that is the subject of this dispute.  The disputed order did not change the prior law of the case. Sodergren respectfully requests that the Court issue an order consistent with the relief as prayed for her in Motion for

Summary Judgment and First Amended Complaint and that Rychlik's request for Summary Judgment be denied in its entirety.

DATED: April 17, 2018    **THE TURNAROUND TEAM PLLC**

*/s/Kyle A. Kinney*
Kyle A. Kinney
*Attorneys for Debtor*

I certify that the foregoing was submitted on April 17, 2018 to the United States Bankruptcy Court for filing and transmittal of notice of electronic filing to the ECF registrants appearing in this case, and by email to:

Russell Brown
service@ch13bk.com
jmorales@ch13bk.com
*Chapter 13 Trustee*

SCOTT L. GREEVES on behalf of Creditor Daniel F Rychlik

scottgreevesesq@gmail.com, glenn.roethler@gmail.com,igngprecf@gmail.com,helpinghandslegalservice@gmail.com

LAWRENCE D. HIRSCH on behalf of Creditor Parker Schwartz, PLLC
lhirsch@psazlaw.com

By:*/s/ Paula D. Hillock*